**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel Casanova

v. Civil No. 11-cv-193-JL

Hillsborough County Department of Corrections, James M. O'Mara, Jr., Superintendent, et al.

**O R D E R**

Before the court is Daniel Casanova's complaint in this action, which consists of an incomplete form complaint (doc. no. 1) naming James O'Mara as the defendant, and a handwritten paragraph appearing on the edge of a summons form addressed to Denise Ryan, which he filed as an attachment to the complaint. The matter is before the court for preliminary review to determine whether or not Casanova has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2).

Casanova names the Hillsborough County Department of Corrections ("HCDOC") Superintendent James O'Mara as the defendant in the complaint. Additionally, Casanova has manifested an intent to name HCDOC Nurse Denise Ryan as a defendant, by preparing a summons form addressed to her.

The allegations set forth on the margin of the summons form are similar to those set forth in an earlier complaint filed against defendants including O'Mara, but not Ryan, docketed as a separate case, see Casanova v. Hillsborough County Department of Corrections, No. 10-CV-485-JD (filed Nov. 3, 2010). In that case, Casanova alleged that CO Weatherbee beat him up on November 4, 2008, breaking one of his legs. He alleged that HCDOC did not provide him with adequate medical care for that injury until his public defender contacted Superintendent O'Mara, and that he underwent surgery to repair the break on November 20, 2008. Additionally, he asserted in that action that CO Boyle broke Casanova's ribs when he assaulted him on August 3, 2010. He further asserted in that case that defendants failed to provide him with timely, adequate medical care for his broken leg and broken ribs. Those claims are the subject of an order issued this date in that case.

The new allegations here are that Nurse Denise Ryan is somehow liable to him, that he currently suffers from two broken legs, that his cell is "up a step," and that he is receiving no medication for his injuries. These allegations appear intended to state new claims regarding matters occurring since August 3, 2010, which are not entirely duplicative of the claims stated in

case No. 10-CV-485-JD. He has asked for this court's immediate help with this lawsuit and a "speedy trial" date.[1]

Because Casanova has asserted so few facts and has not linked the named defendants with the facts asserted, the court is unable to determine at this time precisely how Casanova believes O'Mara and Ryan are liable to him, and what type of relief he is seeking from this court. With respect to O'Mara and Ryan, the allegations are insufficient to enable this court to complete a preliminary review.

Under LR 4.3(d)(2)(B), after initially reviewing the complaint, the magistrate judge may grant a party leave to file an amended complaint. In this case, such an order is appropriate.

## Conclusion

For the foregoing reasons, Casanova is granted leave to file an amended complaint within 30 days of the date of this Order. In the amended complaint, Casanova shall state, with

[1] The references to a speedy trial suggest that Casanova is seeking expedited injunctive relief on his medical care and housing conditions claims. To obtain such relief, Casanova must first file a motion for a preliminary injunction, pursuant to Fed. R. Civ. P. 65. He must also show that he is likely to prevail on his claims, that he will suffer irreparable harm in the absence of an injunction, and that the balance of equities favors preliminary injunctive relief. See Rio Grande Comm. Health Ctr. v. Rullan, 397 F.3d 56, 75 (1st Cir. 2005).

specificity:

1. Who has failed, since August 3, 2010, to provide him with medication or housing conditions or accommodations that he needs because of his broken legs or ribs.

2. What kind of medication or housing conditions or accommodations he needs at this time, and whether medication or treatment has been prescribed for him at any time since August 3, 2010.

4. Whether or not, since August 3, 2010, Casanova has filed (a) any medical leave slips, or (b) grievances regarding his injuries, need for medications, and need for different housing conditions.

5. Other facts to show how James O'Mara, Denise Ryan, or any other person identified by Casanova, is liable to him for failing to treat his injuries or provide him with housing as appropriate for his injuries, since August 3, 2010.

6. How he believes the claims in this case and in his earlier case, No. 10-CV-485-JD, are different from each other, or whether the two cases are intended to assert the same claims.

Casanova's failure to comply with the terms of this Order may result in a recommendation that the complaint be dismissed for failing to state a claim upon which relief can be granted.

SO ORDERED.

Landya McCafferty
United States Magistrate Judge

Date: May 17, 2011

cc: Daniel Casanova, pro se

LBM:nmd