**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Daniel Casanova</u>

   v.                                                                                             Civil No. 10-cv-485-JD

<u>Hillsborough County Department
of Corrections, Superintendent, et al.</u>


<u>Daniel Casanova</u>

   v.                                                                                 Civil No. 11-cv-193-JL

<u>Hillsborough County Department
of Corrections, Superintendent, et al.</u>


<u>Daniel Casanova</u>

   v.                                                                                 Civil No. 11-cv-219-PB

<u>Denise Ryan et al.</u>


**O R D E R**

   Pro se prisoner, Daniel Casanova, has filed three lawsuits against defendants including administrators, employees, and agencies of the Hillsborough County Department of Corrections. Casanova is proceeding in forma pauperis in the first two cases, and his motion to proceed in forma pauperis in the third case is

currently pending (Civ. No. 11-cv-219-PB, doc. no. 3).  For reasons explained below, the court: (1) directs that the three cases be redocketed as a single case; (2) vacates the order granting him in forma pauperis status in case no. 11-cv-193-JL (doc. no. 5); and (3) denies as moot the motion to proceed in forma pauperis in case no. 11-cv-219-PB (doc. no. 3).

Having reviewed all three complaints, the court concludes that Casanova has intended to file only one lawsuit and should be liable for only one filing fee, pursuant to 28 U.S.C. § 1915. This order is intended to combine all three cases into one case, which will permit Casanova to proceed in forma pauperis on all of his claims without paying the filing fee for more than one case.

## Background

Casanova's three lawsuits name as defendants the Hillsborough County Medical Department and individuals who are corrections officers, nurses, and administrators at the Hillsborough County Department of Corrections.  The claims in all three cases relate to injuries Casanova asserts he suffered when corrections officers assaulted him and the HCDOC medical and administrative staff failed to treat him.

2

Upon reviewing the first two complaints to determine if they stated a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915A and Local Rule ("LR") 4.3(d)(2), the court on May 17, 2011, determined that it required additional information from the plaintiff before it could conclude whether dismissal of claims in those cases would be appropriate. The court therefore issued an order in each case granting Casanova leave to amend the complaints filed in case numbers 10-cv-485-JD (doc. no. 18) and 11-cv-193-JL (doc. no. 8). The court specifically directed Casanova to show how the claims asserted in case number 11-cv-193-JL differed from the claims asserted in the original case, no. 10-cv-485-JD.

The facts alleged in the third lawsuit, concerning defendants Ryan, Weatherbee, and O'Mara, do not substantially alter the court's determination that Casanova must file an amended complaint to avoid dismissal of certain claims he has asserted, as set forth in the orders issued on May 17, 2011, in case nos. 10-cv-485-JD (doc. no. 18) and 11-cv-193-JL (doc. no. 8). Therefore, before this court will complete a preliminary review of all of the claims asserted here, Casanova shall continue to be granted an opportunity to file an amended complaint on or before June 16, 2011.

## Conclusion

In the interest of justice and judicial efficiency, the court issues the following orders:

1. The clerk's office shall redocket the complaints filed in 11-cv-193-JL (doc. no. 1) and 11-cv-219-PB (doc. no. 1) as "addenda" to the complaint filed in 10-cv-485-JD.

2. The motion to proceed in forma pauperis filed in case no. 11-cv-219-PB (doc. no. 3) shall be denied as moot.

3. The order granting the motion to proceed in forma pauperis, issued in case no. 11-cv-193-JL (doc. no. 5), shall be vacated.

4. The clerk's office shall notify the Hillsborough County Department of Corrections inmate account administrator of this order, so that plaintiff's inmate account will be assessed a filing fee only for case no. 10-cv-485-JD, and not for case nos. 11-cv-193-JL or 11-cv-219-PB.

5. The clerk's office shall redocket the order granting leave to amend the complaint in case no. 11-cv-193-JL (doc. no. 8) as an order granting leave to amend the complaint in case no. 10-cv-485-JD.

6.   The clerk's office shall close case nos. 11-cv-193-JL and 11-cv-219-PB.

7.   All future filings relating to these cases shall be docketed in case no. 10-cv-485-JD, and Casanova shall place that docket number on all such filings.

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

Date: May 23, 2011

cc:  Daniel Casanova, pro se

LBM:nmd